BERRY SOOTER AND MARVIN SOOTER V. THE STATE.

No. 11396.    Delivered February 1, 1928.

Rehearing denied March 21, 1928.

1.—Aggravated Assault—Charge of Court—On Self-Defense—Correct.

Where, on a trial for robbery with firearms, which resulted in a conviction for an aggravated assault, the charge of the court on the issue of self-defense properly limited same to acts testified to by the defendant to the occurrence at the time of the delivery of a certain check to defendant Sooter by prosecuting witness Booth, and properly failed to submit the issue of self-defense at the time of the purported taking of ninety-four cents from said Booth, there being no evidence of any act on the part of Booth, at that particular time, raising the issue of self-defense.

2.—Same—Charge of Court—On Law of Principals—Properly Presented.

There was no error in the charge of the court submitting the issue of an aggravated assault as to defendant Marvin Sooter. The testimony shows that he encouraged by words the assault made by Berry Sooter and

stated to Berry Sooter at the time that, if he didn't kill Booth, that he (Marvin Sooter) would. This testimony authorized a charge on the law of principals, which was correctly given.

3.—Same—Charge of Court—On Issue of Manslaughter—Properly Submitted.

Where the issue of manslaughter was raised by the evidence as to a co-defendant, this would not relieve appellant from guilt as a principal, and the court's charge correctly presented this issue. Art. 76 P. C. provides: "There may be accomplices to all offenses except manslaughter and negligent homicide." This statute has no application to principals.

4.—Same—Confession of Accused—Its Voluntary Character—Properly Submitted to the Jury.

Where the state offered in evidence for the purpose of impeachment a confession made by the appellants made while under arrest, and the voluntary character of such confessions was attacked, the court properly submitted the issue to the jury for their determination.

5.—Same—Charge of Court—Submitting Confessions—Omitting Reasonable Doubt—Not Error.

Where, in his charge submitting the issue of the voluntary character of appellants' confessions, it was not necessary to charge in this connection on the doctrine of reasonable doubt. In view of the entire record, this matter would not in our opinion authorize a reversal of the case.

6.—Same—Cross-Examination—In Explanation of Act—Proper.

Where it was disclosed by appellant that state witness. Booth, a few days after the alleged robbery, had tied the hands of appellant Berry Sooter behind his back and brought him to town, and delivered him to the sheriff, it was then proper to permit the state to prove by said witness that he was acting under instructions 'from the sheriff when he carried Sooter to jail and delivered him.

ON REHEARING.

7.—Same—Charge of Court—No Reversible Error Shown.

On rehearing we cannot find in the charge of the court such error as would authorize a reversal of the case under Art. 666 of our C. C. P., and the motion is overruled.

Appeal from the District Court of Childress County. Tried below before the Hon. C. C. Small, Judge.

Appeal from a conviction for an aggravated assault, penalty against Berry Sooter ninety days in jail, and against Marvin Sooter sixty days in jail.

The opinion states the case.

*J. W. Davidson* of Childress; *Bledsoe & Crenshaw* of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault. The punishment of Berry Sooter was assessed at 90 days in jail and that of Marvin Sooter at 60 days in jail.

Conviction of an aggravated assault was had under an indictment charging robbery by using and exhibiting a firearm. It was charged that appellants obtained from L. W. Booth 94 cents in money and a check in the sum of $739.00. Booth, the injured party, testified, in substance, as follows: Appellants and Herbert Sooter came to Booth's house and told him that they were looking for work. Booth gave them the name of a party who needed hands. They insisted that he go with them for the purpose of seeing the party, which he agreed to do. Leaving Booth's house about 3 p. m., the parties traveled in a Ford touring car, Marvin Sooter driving the car, Herbert Sooter riding on the front seat with him, and Booth and Berry Sooter riding on the rear seat. Finding that the party mentioned by Booth was not at home, they proceeded to the town of Childress, and from there drove in the direction of Booth's home. Some time after leaving Childress, Berry Sooter said: "Slow down the car. I want to stop a minute." When the car stopped Berry Sooter got out and stated to Booth that he was going to kill him and at the same time drew a pistol, which he pointed at Booth. Herbert Sooter grabbed the gun and jerked it down. Booth asked Berry Sooter why he wanted to kill him, and he replied: "Well, I am going to kill you or else you sign this check for five hundred dollars." Booth wrote a check, but made a mistake as to the amount; whereupon Berry Sooter required him to sign and deliver to him a check for $739.00. When the check was delievered to Berry Sooter, he said: "I am going to kill you anyhow. You caused me damage on a crop out on the plains and I am going to kill you anyhow." Marvin Sooter, who was sitting in the front seat of the car, at this point told Berry Sooter to let him have the gun if he didn't mean to kill Booth and that he, Marvin, would kill him. Berry Sooter replied that he would kill Booth himself. Marvin Sooter then said: "Why don't you do what you started to do, take him to the cedar brakes?" Holding the gun on Booth, Berry Sooter required him to get in the front seat. Herbert Sooter then took the steering wheel, Berry Sooter and Marvin Sooter got in the back of the car, and the parties proceeded along the road, passing Booth's home. Berry Sooter was holding the pistol on Booth during the time they were traveling. After passing Booth's home, Marvin Sooter tied Booth's hands with a cord

while Berry Sooter held the pistol on Booth. Finding that they needed gasoline, Marvin Sooter took 94 cents from Booth's pocket while Berry Sooter held the gun on him. Finally, appellants left Booth at his home.

Both Berry and Marvin Sooter testified that they were drunk on the occasion of the trip with Booth. According to their testimony, Berry Sooter accused Booth of talking about his, Berry Sooter's, wife, and Booth stated, in effect, that if he had talked about her it didn't make any difference. Berry Sooter testified that when Booth made the statements he, Booth, reached down where there were some tire tools, and that, thereupon, he, Berry Sooter, drew his pistol, pointed it at Booth, and told him he was going to kill him. Marvin Sooter testified that Booth reached down and started to get a spring, and that, thereupon, Berry Sooter drew his pistol and pointed it at him. Marvin Sooter denied that he stated to Berry Sooter, in effect, that he, Marvin, would kill Booth if Berry didn't. Both appellants admitted that the check in question was delivered to Berry Sooter, but gave testimony in support of their theory that Booth owed Berry Sooter the money and agreed to pay him by giving him the check. They contended that Booth loaned them 94 cents with which to buy gasoline.

In submitting the issue of robbery, the court restricted the issue as to the guilt or innocence of appellants to the transaction involved in the taking of the check. Appellants contend that the court erred in failing to likewise restrict the issue in the charge on aggravated assault. After defining highway robbery, the court advised the jury, in substance, that the testimony concerning the taking of the 94 cents could only be considered to show, if it did show, the intent with which appellants acted at the time of the taking of the check, if such check was actually taken. Immediately following this instruction the issue of aggravated assault was submitted, and in paragraph 18 of the charge, which immediately succeeds the definition of aggravated assault and its application to the facts the court instructed the jury on the law of self-defense, advising the jury in substance that appellants would not be guilty of an aggravated assault if the issue of self-defense was resolved in their favor. The testimony raising the issue of self-defense is involved in the transaction relative to the taking of the check. This defensive issue was raised by the testimony of appellants, according to which, the demonstration by Booth, upon which the charge on self-defense was predicated, occurred at the time the check was delivered to Berry Sooter. There was no evidence

showing or tending to show that such demonstration or any demonstration was made by Booth at the time of the taking of the 94 cents. In submitting the issue of self-defense, the court made specific reference to a demonstration by Booth with a spring or car tool. The jury had heard the evidence and knew that the demonstration referred to was in immediate connection with the taking of the check. This being the case, we think the court's charge limited the consideration of the jury to the transaction involved in the taking of the check.

We think that the evidence was sufficient to justify the submission of the issue of aggravated assault as to Marvin Sooter. The testimony shows that he encouraged by words the assault made by Berry Sooter, and stated in substance to Berry Sooter that if he didn't kill Booth, he (Marvin Sooter) would. The court instructed the jury that if they believed from the evidence beyond a reasonable doubt that appellant Marvin Sooter was present and knowing of the unlawful intent of Berry Sooter, aided him by words or gestures or encouraged him to make an assault that he would be guilty of an aggravated assault. Other parts of the charge properly defined principals. We are of the opinion that the finding of the jury against Marvin Sooter was sufficiently supported by the evidence.

Appellants' timely objection to the charge of the court on the ground that the jury should have been instructed that if they believed that the drawing of the pistol by Berry Sooter was due to sudden passion on his part aroused by insulting remarks by Booth about Berry Sooter's wife, that Marvin Sooter would not be guilty of aggravated assault. It was appellants' contention that under the provisions of Art. 76, P. C., Marvin Sooter would not have been guilty of the offense of manslaughter had Berry Sooter killed Booth in a sudden passion growing out of the insulting remarks made by Booth about Berry's wife, and that therefore, he could not be guilty of an aggravated assault if Berry Sooter committed such assault under the influence of sudden passion induced by insulting remarks of Booth about his, Berry Sooter's wife. Art. 76, supra, provides:

"There may be accomplices to all offenses except manslaughter and negligent homicide."

The evidence fails to raise the question presented by appellants. The issue of principals and not that of accomplices is raised.

The state introduced in evidence for the purpose of impeaching appellants, their confessions, which were shown to have been made in compliance with the statute while appellants were

under arrest. Touching the voluntary character of his statement, Marvin Sooter testified, in substance, that he received a note from Berry Sooter while in jail, in which he said to tell them that he, Berry Sooter, held the gun on Lawrence Booth and made him sign the check; that Berry Sooter further stated in the note that Lawrence Booth, the injured party, told him to make such statement and that he, Lawrence Booth, would help them get out of trouble; that he, Marvin Sooter, was not forced to carry out Berry Sooter's instructions and didn't know whether he carried them out or not; that he was scared at the time he made the statement. Berry Sooter testified, in substance, that the District Attorney told him at the time he made his statement that it "would be better" on him if he made a statement; that Lawrence Booth, the injured party, told him to make the statement, and that he would get them out of trouble; that he believed that Lawrence would get them out of trouble if they made the statements, and that was the reason he made his statement. The testimony of appellants touching the promise made by Lawrence Booth was not disputed. The District Attorney's testimony showed that the statements were voluntarily made. As to the statement of each appellant, the court charged the jury, in substance, that if they found and believed from the evidence that such statement was freely and voluntarily made without compulsion or persuasion that it could be used for the purpose of impeaching and contradicting, if it did impeach and contradict, the testimony of said witness.

Appellants objected to this charge on the ground that the undisputed evidence showed that the statements were made under a promise of reward and the jury were not instructed that they could not be considered for any purpose. We think the testimony raised an issue for the determination of the jury.

Appellants' second objection to said charge was that it was inapplicable to the facts in that it was not contended that the statements were procured by compulsion or persuasion. We think the terms used by the court could not have misled or confused the jury, and are, therefore, constrained to overrule appellant's contention.

We are unable to agree with appellants that the court committed reversible error in failing to charge the doctrine of reasonable doubt in connection with the instruction relative to the voluntary character of the confessions. In view of the entire record, the matter complained of would not in our opinion authorize a reversal of the case.

Appellants bring forward a bill of exception which presents the following occurrence: Appellants proved by Lawrence Booth, on cross-examination, that a few days after the alleged robbery he tied the hands of Berry Sooter behind his back, brought him to town and delivered him to the sheriff. The state then, over the objection of appellant that the testimony was hearsay, proved by the witness that he tied Berry Sooter's hands pursuant to the orders given him by the sheriff. The bill shows that appellants were not present at the time such instructions were given by the sheriff. Appellants evidently opened the inquiry for the purpose of discrediting the witness by showing acts on his part that would lead the jury to believe that animus and hatred impelled him to testify as a witness against appellants. He had the right to explain his act, as the testimony elicited from him by appellants unexplained reflected on him. We perceive no reversible error in the matter.

A charge on circumstantial evidence as to Marvin Sooter was not required. His participation in the assault was established by direct evidence.

The evidence is sufficient to support the verdict of the jury and the judgment rendered thereon.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — The motion reiterates the attack on the charge of the court which was considered on the original hearing and discussed in the opinion. Our re-examination of the matter leaves us of the opinion that if there are faults in the charge, they are obscure to a degree that they were not calculated to injure the accused or mislead the jury, and that the action of this court thereon is supported by Art. 666, C. C. P., 1925, by which a reversal is not authorized for an error in the charge which is harmless.

The motion is overruled.

*Overruled.*